UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
GENE ALLEN HERROLD          :
                            :
V.                          :      Case No. 3:14-CV-1067 (RNC)
                            :
WARDEN QUAY                 :
```

ORDER

Petitioner, a federal prisoner proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his conviction and sentence for use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The Government urges that the petition should be treated as a second or successive motion under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction because it has been filed without authorization from the Court of Appeals. Petitioner opposes treating his § 2241 petition as a second or successive § 2255 motion and contends that he qualifies for relief under § 2241 on the ground that he is innocent of using a gun during a drug offense in violation of § 924(c)(1) and thus his continued incarceration violates the Eighth Amendment and the Due Process Clause of the Fifth Amendment. A telephone conference is scheduled for April 21, 2015. This memorandum is being filed in advance of the conference in an attempt to make the conference as productive as possible.

I. Background

In 1992, petitioner was convicted after a jury trial in the Middle District of Pennsylvania of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See United States v. Herrold, No. 91-cr-71 (M.D. Pa.). The evidence established that he sold a quantity of cocaine to an informant in a vehicle then returned to his nearby residence where he was soon arrested and a pistol was seized. See id. He received a total effective sentence of 391 months' imprisonment, which included a mandatory consecutive 60 month term for the violation of § 924(c), a term he is currently serving at FCI Danbury. Petitioner claims that his continued incarceration is illegal because the evidence at his trial was insufficient to support a conviction under § 924(c)(1). See Pet. (ECF No. 1). He relies on Bailey v. United States, 516 U.S. 137 (1995), decided approximately two years after his trial, which held that to obtain a conviction under § 924(c)(1), the Government must present "evidence sufficient to show active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 516 U.S.

at 143.[1]  Prior to Bailey, a person could be convicted under 924(c)(1) if the firearm was accessible for use during the underlying drug transaction.

Petitioner filed his first § 2255 motion before Bailey was decided.[2]  Under AEDPA, a second or successive motion under § 2255 is permitted only if it is based on newly discovered evidence or a new rule of constitutional law.  28 U.S.C. § 2255.  Petitioner's claim does not fit within either of these exceptions permitting review of a second or successive motion under § 2255.  His claim is that the evidence at his trial failed to show that he actively used the pistol during the predicate drug transaction as required to obtain a conviction under Bailey.[3]  Moreover, Bailey does not set forth a new rule of constitutional law but simply interprets a statute.  See Triestman v. United States, 124 F.3d 361, 372-73 (2d Cir. 1997).  Thus, review of petitioner's

---

[1]  The Supreme Court has ruled that the decision in Bailey applies retroactively to all prisoners convicted under the statute.  Bousley v. United States, 523 U.S. 614 (1998).

[2]  The docket sheet in United States v. Herrold, No. 91-cr-71 (M.D. Pa.) shows that three § 2255 petitions were filed before Bailey was decided.  See Pet. For Writ of Habeas Corpus (ECF No. 84) filed Aug. 19, 1992; § 2255 Motion, 94-cv-795 (ECF No. 130) filed Feb. 27, 1994; Motion to Vacate Sentence (2255), 95-cv-215 (ECF No. 140) filed Feb. 13, 1995.

[3]  More specifically, petitioner contends that the trial evidence failed to establish that the pistol found in his residence was actively employed in connection with the predicate drug offense, which took place in a vehicle some distance from the residence.  Excerpts of trial testimony appended to petitioner's brief provide support for his position.

claim is not available by means of a second or successive § 2255 motion.[4]

Petitioner urges that similarly situated prisoners have obtained review of their Bailey claims pursuant to the savings clause in § 2255, which allows a prisoner to seek a writ of habeas corpus under 28 U.S.C. § 2241 when a motion under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In Triestman, the Second Circuit recognized that the savings clause exists "to preserve habeas corpus for federal prisoners in those extraordinary instances were justice demands it." 124 F.3d at 378.[5] The Court determined that the savings clause entitled the prisoner in that case to bring a Bailey claim under § 2241. The Court observed

---

[4] The petition discloses that the Bailey claim advanced here was previously presented to the Middle District of Pennsylvania under § 2255. See Pet. (ECF No. 1) at 3. That motion was dismissed without prejudice as a second or successive § 2255 motion for which authorization had not been obtained from the Third Circuit. Petitioner then sought authorization to file the § 2255 motion from the Third Circuit but his request was denied, presumably because his motion did not present either of the two grounds for permitting a second or successive § 2255 motion (i.e. new evidence of actual innocence or a new rule of constitutional law). All Circuits agree that the exceptions to the rule against successive § 2255 motions do not apply to claims of actual innocence based on Bailey.

[5] As the Court acknowledged, a motion under § 2255 is not "inadequate or ineffective" merely because the prisoner cannot meet procedural requirements for filing a second or successive § 2255 motion. See Thompson v. Choinski, 525 F.3d 25, 209 (2d Cir. 2008); Adams v. United States, 372 F.3d 132, 134-35 (2d Cir. 2004); Pointdexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003).

4

that review of the claim was previously unavailable and precluding review would potentially call into question the constitutionality of AEDPA's restrictions on second or successive motions under § 2255.  The Third Circuit, encompassing the district where the petitioner here was convicted, agrees that the savings clause entitles a prisoner to bring a Bailey claim under § 2241 when he has not had a previous opportunity to obtain review of the claim.  See In re Dorsainvil, 119 F.3d 245, 251-52 (3rd Cir. 1997).[6]

Against this background, petitioner's Bailey claim may be reviewed under § 2241 provided he did not have an adequate opportunity to obtain review of the claim earlier.  This is where petitioner runs into difficulty.  The Second Circuit has recognized that § 2255 is inadequate or ineffective only when an inmate "(1) can prove actual innocence on the existing record and (2) could not have effectively raised his claims of innocence at an earlier time."  Cephus v. Nash, 328 F.3d 98, 104 (2d Cir. 2003).  The present petition is one of many petitioner has filed challenging the legality of his 1992 conviction, including

---

[6]  The Third Circuit explained:
If, as the Supreme Court [has] stated . . . , it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable.  119 F.3d at 252 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974).

multiple filings under § 2241.  See United States v. Herrold, 401 Fed. App'x 629 (3d Cir. 2010) (affirming order denying motion to dismiss indictment); Herrold v. Yost, 220 Fed. App'x 146 (3d Cir. 2007) (listing prior filings).  Petitioner acknowledges that he has filed previous petitions under § 2241 in which his Bailey claim could have been raised.  He states that he did not include the claim in his previous § 2241 petitions because he did not trust those courts.  See Reply (ECF No. 14) at 5.  This litigation history distinguishes petitioner's predicament from that of the prisoners in Triestman and Dorsainvil.  There is no indication that either of them had previously filed challenges to their convictions under § 2241 while deliberately omitting claims under Bailey.

Whether petitioner's previous filings under § 2241 preclude review of his claim is unclear.  The Second Circuit has indicated that AEDPA may impose constraints on the filing of a second or successive petition under § 2241.  See Simon v. United States, 259 F.3d 139, 142 (2d Cir. 2004).  Other Circuits have stated that AEDPA's gatekeeping provisions do not apply to § 2241 petitions.  See Perez Zayas v. INS, 311 F.3d 246, 255 (3d Cir. 2002); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Volona v. United States, 138 F.3d 693, 694-95 (7th Cir. 1998).  But these courts have applied the abuse-of-the-writ doctrine to preclude review of claims omitted from previous petitions.

In the Second Circuit, the Government bears the burden of pleading abuse of the writ with "clarity and particularity." See Lewis v. McElroy, 294 Fed. App'x 637, 640 (2d Cir. 2008). When this burden is met, a court must reach the merits of an abusive petition when required by the "ends of justice." Id. (quoting McClesky v. Zant, 499 U.S. 467, 485 (1991)).

It is troubling that petitioner may not be able to obtain review of a potentially valid claim of actual innocence under Bailey. It goes without saying that he should not be imprisoned for a nonexistent crime. Even so, more than twenty years have passed since Bailey was decided, and nearly twenty years have passed since Triestman and Dorsainvil were decided. During this time, petitioner seems to have elected not to pursue his Bailey claim while using § 2241 to pursue other claims. Because he had an opportunity to obtain review of his claim when he previously challenged his conviction under § 2241, and chose to withhold the claim, the Court may well lack jurisdiction to consider the claim unless the "ends of justice" so require.

III. Conclusion

During the telephone conference, the parties will have an opportunity to present their views on the matters set forth above. They should be prepared to do so. In addition, petitioner will be expected to explain why the Court has jurisdiction to review his claim of actual innocence, even though

it apparently was deliberately omitted from previous petitions; and the Government will be expected to explain why, assuming the writ is abusive, review of petitioner's claim on the merits is not required by the "ends of justice."

So ordered this day 2nd day of April 2015.

/s/RNC
Robert N. Chatigny
United States District Judge
